## James Jacks *v.* Henry A. Darrin.

A check is a bill of exchange, within the meaning of the statute authorizing a recovery upon a lost note or bill of exchange, upon tendering a bond of indemnity and giving parol proof of the contents. (2 R. S. part iii. chap. vii. title iii. p. 652, marg. p. 406.) (*a*)

The statute above referred to applies, although the bill, note, or check be lost after the action is commenced.

The dictum to the contrary cited in 2 Cowen's Treatise (2d ed. p. 184), is erroneous.

Action to recover a balance of $500 due upon a check for $700, drawn by the defendant in favor of one Ferguson, by whom it was indorsed to the plaintiff.   Upon the return of a summons in the Marine Court the parties appeared and joined issue, the plaintiff producing the check, and the defendant pleading the general issue, want of consideration, and fraud in obtaining the check from him.

The case having been adjourned for trial, the parties again attended upon the adjourned day, when the plaintiff's counsel stated that the check had been lost since the action was commenced.   He then called the payee as a witness.   The de-

---

(*a*) See the case of *James H. Jacks* against the same defendant, *post*, p. 557.

fendant's counsel objected to the admission of any testimony, and moved that the complaint be dismissed.

It was proposed, in behalf of the plaintiff, that the trial should proceed, and in the event of his recovery that he should give the bond required by the statute.  (2 R. S. part iii. chap. vii. title iii. p. 652, marg. p. 406.)  To this the defendant's counsel objected, insisting that the statute does not apply where the instrument is lost intermediate the commencement of the action and the trial.

The objection was sustained in the court below by Justice Phillips.  The plaintiff excepted, and thereupon "moved to amend the complaint, so as to enable him to declare upon a lost instrument."

The justice denied the motion to amend, and dismissed the complaint.  The plaintiff appealed.

*William R. Stafford*, for the plaintiff.

*Peter Vanantwerp* and *Thomas D. James*, for the defendant.

BY THE COURT.  DALY, J.—A check is a bill of exchange within the meaning of the statute, authorizing a recovery upon a negotiable bill of exchange which has been lost, upon giving parol evidence of its contents, and tendering to the defendant at the trial the bond of indemnity provided for by the statute.  (*Boehem* v. *Sterling*, 7 T. R. 419, 426 ; *Cruger* v. *Armstrong*, 3 Johns. Cas. 5, 7, 8 ; *Merchants' Bank* v. *Spicer*, 6 Wend. 443 ; *Murray* v. *Judah*, 6 Cow. 487 ; *Harker* v. *Anderson*, 21 Wend. 372.)  No amendment of the complaint in this case was necessary. The plaintiff was entitled to recover upon tendering the bond of indemnity, and proving by parol the contents of the instrument.   He proposed that the case should proceed, and that if it was found that he was entitled to recover, that he should file the necessary bond.   This might be allowed where it appeared that the plaintiff had not discovered the loss of the check until the calling of the cause, though in fact I see no objection to

allowing him to file the bond at any time before the cause is submitted for decision, except the loss of the time of the court, if he should not then be prepared to tender it.

The justice, however, appears to have held that as the check was lost between the day of the commencement of the action and the day of trial, the statute did not apply to such a case. This was clearly erroneous. The dictum in 2 Cow. Treatise, 184, 2d ed., is founded upon *Poole* v. *Smith*, a nisi prius case in 1 Holt's N. P. 144; but that case was simply in affirmance of the English doctrine, that an action could not be maintained in a court of law upon a lost negotiable instrument, the remedy being in equity when a bond of indemnity might be required for the defendant's security, there being no means by which courts of law could provide for his security; a doctrine affirmed by this state in *Rowley* v. *Ball*, 3 Cow. 303, and which led to the enactment of the statute in question. The ruling in the case in Holt was not upon the special ground that the action could not be maintained because the note had been lost after suit brought, but that fact was relied on by the plaintiff as excepting it from the general rule, as the plaintiff had a right of action when the action was brought, it being in proof that the note had been shown to the defendant after the commencement of the suit, and he had admitted it to be his, together with the additional fact that the note at the time of trial was barred by the statute of limitations, and could not be recovered against the plaintiff by any third party who might get possession of it; nor is any such distinction to be found in the statute. Under the ruling of the court below, therefore, it would not have availed if the plaintiff had been ready with and tendered a bond; and I think, therefore, that the judgment should be reversed.

Judgment reversed.